THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEAN LAMONT SULLIVAN, Defendant-Appellant.

First District (3rd Division) No. 84—1272

Opinion filed August 28, 1985.

Steven Clark, of State Appellate Defender's Office, and Alan Raphael, of Loyola University, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and Roger L. Kemp, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a jury trial, defendant Sean Lamont Sullivan was convicted of rape, aggravated arson, armed robbery and home invasion, and was sentenced to concurrent terms of 30 years. Defendant was tried jointly with Tommy Lee Jackson, but Jackson was found not guilty of all charges. On appeal, defendant contends that the trial court erred in failing to grant his motion for severance or to have Jackson's confession redacted so as to avoid any implication of defendant contained in the Jackson confession.

The victim testified that on August 31, 1983, at about 4 a.m., she was awakened to find defendant standing over her bed holding a knife. Defendant told the victim that he knew her name and all about her, and then raped her. After defendant blindfolded the victim and placed a pillow over her head, Jackson entered the room and raped her. Defendant then raped her again. Defendant also took jewelry from the apartment and a gold chain from the victim's neck.

While the victim was still lying blindfolded, defendant piled pillows and blankets on her. Defendant then set fires in the kitchen and living room, and near the back door. The victim heard the two men run from her apartment, smelled smoke, and heard the smoke detector go off. She removed the blindfold, saw a large blaze in the living room, and, placing a blanket over her face as protection from the smoke and flame, ran downstairs to the courtyard. The victim was subsequently treated at a hospital. She identified defendant in a lineup and at trial.

Officer Robert Lopez of the Chicago police department testified that on September 11, 1983, while investigating a battery in which Jackson was the complainant, he learned that Jackson was involved in the present rape. Lopez questioned Jackson who admitted his involvement and implicated defendant. On the following day, Officer Jeffrey Wilson arrested defendant and recovered jewelry and coins taken from the victim's apartment. Defendant told Wilson that Jackson and he raped the girl.

At trial, before Assistant State's Attorney Lori Levin testified about the confessions made by defendant and Jackson, the trial court made the following comments to the jury:

"At this time I think it's appropriate to comment, for the Court to comment on the statements.

I have ruled that the statements given by these defendants are to be admissible in this proceeding. However, with the admonition to the Jury that any statement by the defendant Tommy Lee Jackson is only to be considered as evidence against Tommy Lee Jackson and no other person.

The statement given by Sean Lamont Sullivan is to be considered only as evidence against Sean Lamont Sullivan and no other person."

Levin then read the two confessions to the jury. Defendant's confession stated that Jackson and he were going to burglarize the victim's apartment, and that they knew she was home because the lights were on. Jackson and he entered the apartment, raped and robbed her, and then set the apartment on fire. Jackson's confession recited that defendant and he entered the victim's apartment by walking up the back porch and going through a window. Defendant and he raped and robbed the victim, and then set her apartment on fire.

Defendant testified in his own behalf, but Jackson did not testify.

In its instructions to the jury, the trial court gave Illinois Pattern Jury Instruction Criminal No. 3.08 (2d ed. 1981). This instruction stated that a statement made by one defendant may not be considered by the jury against any other defendant.

Prior to trial, defendant made a motion for severance on the ground that the State had and would use Jackson's statement implicating defendant. Defendant also argued that defendant's defense was antagonistic to that of Jackson. In denying defendant's motion, the trial court ruled that the defenses were not antagonistic. The court also ruled that the confessions were interlocking in that Jackson's confession revealed identical facts about the offenses as were revealed in defendant's own confession, and that severance was not required.

■ On appeal, defendant contends that the trial court erred in failing to grant his motion for severance or to have Jackson's confession redacted, since the Jackson confession implicated defendant.

In *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, the United States Supreme Court held that admission in a joint trial of an out-of-court statement by one codefendant implicating a second codefendant violates the latter's sixth amendment right to confront witnesses against him. In *People v. Rosochacki* (1969), 41 Ill. 2d 483, 244 N.E.2d 136, however, the Illinois Supreme Court held that the *Bruton* rule is not violated when the defendant claiming the benefits of the rule has made a similar inculpatory statement which is admitted into evidence. (See also *People v. Bassett* (1974), 56 Ill. 2d 285, 307 N.E.2d 359.) And in *Parker v. Randolph*

(1979), 442 U.S. 62, 60 L. Ed. 2d 713, 99 S. Ct. 2132, the United States Supreme Court carved out an exception to *Bruton* which is pertinent to the present case:

> "When, as in *Bruton*, the confessing codefendant has chosen not to take the stand and the implicated defendant has made no extrajudicial admission of guilt, limiting instructions cannot be accepted as adequate to safeguard the defendant's rights under the Confrontation Clause. Under such circumstances, the 'practical and human limitations of the jury system,' *Bruton v. United States* [(1968), 391 U.S. 123, 135, 20 L. Ed. 2d 476, 484-85, 88 S. Ct. 1620, 1627], override the theoretically sound premise that a jury will follow the trial court's instructions. But when the defendants own confession is properly before the jury, we believe that the constitutional scales tip the other way. The possible prejudice resulting from the failure of the jury to follow the trial court's instructions is not so 'devastating' or 'vital' to the confessing defendant to require departure from the general rule allowing admission of evidence with limiting instructions. We therefore hold that admission of interlocking confessions with proper limiting instructions conforms to the requirements of the Sixth and Fourteenth Amendments to the United States Constitution." (442 U.S. 62, 74-75, 60 L. Ed. 2d 713, 724-25, 99 S. Ct. 2132, 2140.)

In the present case, the extrajudicial statement of Jackson was substantially similar to the out-of-court statement of defendant, and the trial court gave limiting instructions to the jury both during and at the completion of trial. Consequently, we conclude that the trial court did not err in admitting into evidence the Jackson confession without redaction.

Citing *People v. Clark* (1959), 17 Ill. 2d 486, 162 N.E.2d 413, however, defendant maintains that long before *Bruton*, Illinois had an established rule that defendant's motion for severance, based on the fact that a codefendant's admission implicates the movant, must be granted unless the State declares that it will not use the codefendant's admission or will redact all references to the movant. Defendant points out that in *Clark* the court so held even though defendant's oral inculpatory admission was introduced into evidence. We note that in *Clark* the evidence was weak (see *People v. Rosochacki* (1969), 41 Ill. 2d 483, 244 N.E.2d 136), and that Clark's oral admission was obtained by a police officer who made no written report of his investigations, made no notations of his conversation, and did not attempt to have Clark's confession reduced to writing or witnessed by other per-

sons. Nevertheless, if there is any conflict in the *Rosochacki* and *Clark* holdings, we follow the reasoning of *Rosochacki* and adhere to its result.

■ Moreover, the defenses of defendant and Jackson were not antagonistic to each other. At the hearing on the motion to sever, defendant claimed that Jackson implicated him because defendant's brother had participated in an assault on Jackson. This claim was speculative and an insufficient showing of antagonistic defenses. (See *People v. Lee* (1981), 87 Ill. 2d 182, 429 N.E.2d 461.) The trial court properly found that defendant failed to make a showing of antagonistic defenses. The court correctly denied defendant's motion for severance and did not err in allowing Jackson's confession into evidence.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and RIZZI, JJ., concur.